Zhu v. Barr

BIA
Nelson, IJ
A205 145 256

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of September, two thousand twenty.

PRESENT:
>  JOSÉ A. CABRANES,
>  ROSEMARY S. POOLER,
>  DENNY CHIN,
>    *Circuit Judges.*

_____

JIA XING ZHU,
>    *Petitioner,*

>  v.                                    17-525
                                        NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
>    *Respondent.*

_____

FOR PETITIONER:            Thomas V. Massucci, New York, NY.

FOR RESPONDENT:            Joseph H. Hunt, Assistant
                           Attorney General; Cindy S.
                           Ferrier, Assistant Director;
                           Michelle Y.F. Sarko, Attorney,
                           Office of Immigration Litigation,
                           United States Department of
                           Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jia Xing Zhu, a native and citizen of the People's Republic of China, seeks review of a January 31, 2017, decision of the BIA affirming an April 5, 2016, decision of an Immigration Judge ("IJ") denying Zhu's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jia Xing Zhu,* No. A 205 145 256 (B.I.A. Jan. 31, 2017), *aff'g* No. A 205 145 256 (Immig. Ct. N.Y. City Apr. 5, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Because the BIA affirmed the decision of the IJ without opinion, we have reviewed the IJ's decision as the final agency determination. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 146 (2d Cir. 2008). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Chuilu Liu v. Holder*, 575 F.3d 193, 196 (2d Cir. 2009) (reviewing factual findings underlying burden of proof

2

determinations under the substantial evidence standard); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009) (reviewing questions of law and application of law to fact de novo). The agency did not err in finding that Zhu failed to satisfy her burden of proof given problems with her testimony and corroborating evidence relating to her alleged arrest and detention in China for attending an underground church and her failure to submit available evidence of her practice of Christianity in both China and the United States.

"The testimony of the applicant may be sufficient to sustain the applicant's burden without corroboration, but only if the applicant satisfies the trier of fact that the applicant's testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee." 8 U.S.C. § 1158(b)(1)(B)(ii); *see also Chuilu Liu*, 575 F.3d at 196-97. "In determining whether the applicant has met [her] burden, the trier of fact may weigh the credible testimony along with other evidence of record. Where the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the

applicant does not have the evidence and cannot reasonably obtain the evidence." 8 U.S.C. § 1158(b)(1)(B)(ii). "No court shall reverse a determination made by a trier of fact with respect to the availability of corroborating evidence . . . unless the court finds . . . that a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable." 8 U.S.C. § 1252(b)(4).

The IJ reasonably required corroboration given Zhu's vague testimony about the events surrounding her arrest, beating, and the extent of her resultant injuries. *See* 8 U.S.C. § 1158(b)(1)(B)(ii); *Chuilu Liu*, 575 F.3d at 196-97. Zhu testified that after police raided her church and arrested her and 18 fellow congregants, she was taken to the police station and "beat up." When pressed for more detail, Zhu said that police asked her why she had joined an underground church, "caught" her head and pushed her against a wall, and kicked her a few times in the leg, which caused bruising and swelling "all over [her] body." Despite filing a medical document, Zhu did not testify that she was treated for her injuries while in custody or that she sought treatment when released a week later. The IJ reasonably required

4

corroboration to verify the extent, if any, of Zhu's injuries, which implicated whether the harm alleged constituted persecution. Indeed, while we have held that "non-life-threatening violence and physical abuse" can constitute past persecution, *Beskovic v. Gonzales*, 467 F.3d 223, 226 n.3 (2d Cir. 2006), the harm suffered must be sufficiently severe, *see Jian Qui Liu v. Holder*, 632 F.3d 820, 822 (2d Cir. 2011) (clarifying that a beating that occurs within the context of an arrest or detention does not constitute persecution *per se* and ruling that "minor bruising" did not rise to the level of persecution).

Other aspects of Zhu's testimony lacked detail, which further justified the IJ's reliance on the lack of corroboration. *See* 8 U.S.C. § 1158(b)(1)(B)(ii); *Chuilu Liu*, 575 F.3d at 196–97. For example, Zhu did not know what happened to her fellow parishioners despite being detained with 18 of them for a week at the same police station. And when asked whether anyone from her underground church supported her asylum application, Zhu replied that a former co-worker mailed a copy of his identification card. Though unclear what the identification card would have corroborated,

the IJ accurately noted that no such evidence was in the record.

Moreover, the IJ properly identified the missing evidence. *See Chuilu Liu*, 575 F.3d at 198-99. Zhu testified that she had attended the same Methodist church in Brooklyn since her baptism in November 2012, yet she did not present testimony or letters from fellow church members or clergy. Although Zhu testified that the U.S. church members did not want to be involved with the government and her pastor would not testify because she did not attend church regularly, a reasonable fact-finder would not be compelled to conclude that no evidence was available, such as a letter from the pastor to confirm Zhu's baptism. *See* 8 U.S.C. § 1252(b)(4); *cf*. *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for h[er] inconsistent statements to secure relief; [s]he must demonstrate that a reasonable fact-finder would be *compelled* to credit h[er] testimony." (internal quotation marks omitted)). Similarly, the IJ did not err in requiring evidence from Zhu's younger sister in light of Zhu's testimony that her sister had recently arrived in the United States and

was also a Christian. Nor was it unduly speculative for the IJ to expect that Zhu's sister—who lived in China while Zhu was worshipping at an underground church—would know something about Zhu's Christian faith, particularly given their common faith and Zhu's alleged arrest and detention. *See Siewe v. Gonzales,* 480 F.3d 160, 168-69 (2d Cir. 2007) ("The speculation that inheres in inference is not 'bald' if the inference is made available to the factfinder by record facts . . . in the light of common sense and ordinary experience."). Moreover, Zhu provided no explanation for the absence of this evidence. *See Chuilu Liu*, 575 F.3d at 199 (upholding denial of withholding of removal for lack of corroboration where petitioner failed to "explain[] the absence of such corroborating evidence").

Finally, the IJ did not err in declining to credit the remainder of Zhu's evidence and in finding it insufficient to meet her burden. The letter from Zhu's pastor in China did not corroborate or even mention the arrests of Zhu and her fellow parishioners. *See Siewe,* 480 F.3d at 168-69. The IJ also did not err in questioning the authenticity of Zhu's medical document because spaces for the date of intake, date

7

of discharge, and the case number, were left blank.  *See Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013) ("We defer to the agency's determination of the weight afforded to an alien's documentary evidence.").  Nor was the IJ required to credit an unsworn, undated, and unsigned letter from Zhu's older sister in China.  *Id.* (deferring to agency's determination that letter from alien's spouse in China was entitled to "very little weight" "because it was unsworn and because it was submitted by an interested witness"); *Matter of H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (B.I.A. 2010) (finding that letters from alien's friends and family were insufficient support for alien's claims because they were from interested witnesses not subject to cross-examination), *overruled on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130, 133–38 (2d Cir. 2012).

Given the lack of detailed testimony and reliable corroboration, the agency did not err in finding that Zhu failed to satisfy her burden of establishing past persecution on account of her Christian faith.  *See* 8 U.S.C. § 1158(b)(1)(B)(ii); *Chuilu Liu*, 575 F.3d at 196-98.  That finding is dispositive of asylum, withholding of removal, and

8

CAT relief because all three claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

9